IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RONNIE ADAM CLOUD,                §
                                  §
              Plaintiff,          §
                                  §
VS.                               §    CIVIL ACTION H-10-3114
                                  §
OFFICER WELCH,                    §
                                  §
              Defendant.          §

## OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced cause are (1) Defendant Officer Jason Welch's motion to dismiss (instrument #8) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); (2) a motion for summary judgment (#11) filed by Plaintiff Adam Cloud, proceeding *pro se* and *in forma pauperis*; and (3) Plaintiff's request for joinder (#18).

### Plaintiff's Original Complaint (#1)

Plaintiff alleges that on September 1, 2008 Officer Welch arrived at 1426 Joseph Court to investigate a welfare call after Amanda Forsyth made a complaint by telephone from another county. Officer Welch told Chardell and Russell Harris that Plaintiff had to leave the residence because he was a registered sex offender and Chardell Harris had custody of seven-year-old Mandy Forsythe. Officer Welch also told Chardell Harris that a tan Saturn in the

-1-

driveway, which was owned by Chardell Harris's aunt, Gwen Clark, had to leave, too. Plaintiff was at the residence because he was evacuating 62-year old Gwen Clark and 70-year-old Mattie Forsythe from Orange County, Texas, where they lived, following a mandatory evacuation order because of Hurricane Gustav. When Chardell Harris refused to tell Plaintiff and Gwen Clark to leave, Officer Welch purportedly became angry and said that if the car and Plaintiff were not gone in an hour, Officer Welch would "make serious trouble" for the Harrises. He also told Gwen Clark as she moved to her car that if her Saturn was not gone from the residence when he returned, "there would be hell to pay." The complaint further states that Officer Welch never spoke to Plaintiff and that the seven-year-old child was not in the residence, but staying with another family in a hotel; Officer Welch's threats were made to Chardell Harris and to Gwen Clark, who began crying. Plaintiff claims that Officer Welch "targeted the parties involved because of Ronnie Clouds [*sic*] status as a registered sex offender, which is a specific group."

The complaint charges that Officer Welch "restricted the liberty of Gwen Clark . . . without due process or probable cause" and the liberty of Plaintiff not only "from the residence," but from town of Tomball, Texas.[1] It also asserts that Officer Welch

---

[1] The complaint identifies Chardell Harris as the daughter of 70-year-old Mattie Forsyth, who was also present, and sister of Gwen Clark. Defendant Welch identifies Russell Harris as Cloud's

failed to follow police procedure during the investigation. Plaintiff seeks (1) retraining of Officer Welch in investigative procedures and training in sensitivity regarding the elderly, disabled and handicapped; (2) punitive damages; (3) an order requiring Officer Welch to stop harassing registered sex offenders and their families; and (4) any other relief the court deems proper.

### Standard of Review

The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(reciting the long-established rule that documents filed pro se are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Kane Enterprises v. MacGregor (US), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003), *citing Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

---

brother.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

### Officer Welch's Motion to Dismiss (#8)

Officer Welch clarifies that Cloud, an admitted registered sex offender, was staying at the home of his brother, Russell Harris, who had temporary custody of Russell Harris's and Amantha Forsythe's seven-year-old child.  Amanda Forsythe, who apparently does not live with Russell Harris, called police because she was concerned about the child's safety.  Officer Welch was sent to the home to conduct a welfare check.  Plaintiff has not alleged any search, seizure or use of force.

Officer Welsh asserts an affirmative qualified immunity defense to suit under the facts alleged here and urges dismissal. He argues that a police officer's telling a registered sex offender

to leave the premises belonging to another individual on the threat that there would be "hell to pay" does not violate any clearly established constitutional rights of the sex offender.

### Plaintiff's Response (#10)

Plaintiff objects, "Use of force through threats to two elderly women during the mandatory evacuation of hurricane Gustav, two home owners who gave them refuge, and a sex offender with no statutory restrictions evidences malicious intent with disregard to all parties civil rights . . . ." He states that he served a seven-year prison sentence that he agreed to accept, that he has no restrictions regarding his presence with family members, including his own three children, and that the child involved in the complaint is his first cousin's daughter.

### Relevant Law

Title 42 U.S.C. § 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, ____, 129 S. Ct. 808, 815 (2009). Thus the Court examines whether the "officer's conduct violated a constitutional right," as

well as "whether the right was clearly established" at the time of
the conduct.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Either
prong may be addressed first.  *Pearson*, 129 S. Ct. at 808.  A right
is clearly established when "the contours of the right [are]
sufficiently clear [such] that a reasonable official would
understand that what he is doing violated that right." *Werneck v.
Garcia*, 591 F.2d 386, 392 (5th Cir. 2009)(citations omitted).  "[A]
defendant's acts are held to be objectively reasonable unless *all*
reasonable officials in the defendant's circumstances would have
then known that the defendant's conduct violated the United States
Constitution or the federal statute as alleged by the plaintiff."
*Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001).
The officer is "entitled to qualified immunity if his or her
conduct was objectively reasonable in light of the legal rules that
were clearly established at the time of his or her actions," even
if the conduct violated the plaintiff's constitutional right.
*McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(*en
banc*).

### Court's Decision

    While taking all Plaintiff's factual allegations as true, the
Court concludes that Plaintiff has failed to state a cognizable
claim.  The Fifth Circuit has held that verbal threats by a police
officer fail to raise a constitutional violation cognizable under
Section 1983.  *Collier v. City of Bossier City*, Civ. A. No. 05-

0795, *7 (5th Cir. Mar. 6, 2007), *citing Ganesan v. James*, 115 Fed. Appx. 670, 672 (5th Cir. 2004)("mere allegations of verbal abuse do not present an actionable § 1983 claim"); *Rhodes v. City of Homer*, No. Civ. A. 09-1115, 2010 WL 3613735, *5 (W.D. La. Sept. 14, 2010). "Threats alone are not enough.  A section 1983 claim only accrues when the threats or threatening conduct result[s] in a constitutional deprivation." *Lamar v. Steele*, 698 F.2d 1286 (5th Cir.), *cert. denied*, 464 U.S. 821 (1983).  *See also Emmons v. McLaughlin*, 874 F.2d 351, 353-54 (6th Cir. 1989)(although patrolman's threat "I am going to get you, Larry Sturgil and Sam Sadoit," when Sturgil committed suicide, caused plaintiff to fear for his life, the court held that his "asserted fear from these spoken words . . . is not an actual infringement of a constitutional right, and thus, it is not actionable under section 1983"); *Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992)("Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim."); *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991)("The Constitution does not protect against all intrusions on one's peace of mind.  Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.").

Accordingly, the Court

ORDERS that Officer Welch's motion to dismiss is GRANTED and this case is DISMISSED with prejudice.  All other motions are MOOT.

**SIGNED** at Houston, Texas, this 3rd day of   March  , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE